Lehigh Township v. Michael Tahos. Poe Real Estate, Inc., and Richard Walsh, Appellants.

Argued April 11, 1985, before Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Thomas J. Calnan, Jr., Calnan & Orloski, P.C.,* for appellants.

*Richard J. Haber, Haber and Corriere,* for appellee, Lehigh Township.

OPINION BY JUDGE BARRY, September 11, 1985:

This appeal arises from the refusal by appellant, Poe Real Estate, Inc. and its agent and president, Richard Walsh, to obey a contempt of court order of the Court of Common Pleas of Northampton County.

Lehigh Township (Township) filed a complaint in equity against Michael Tahos, the owner of the real estate in question in Northampton County. The Township alleged that a building, Mountain House Hotel, located on the real estate was in a dangerous condition and posed a safety hazard to the citizens of the Township. During the pendency of this suit, a *lis pendens* was filed and recorded and, further, during the suit Mr. Tahos paid no taxes on the real property which eventually became delinquent. The Tax Claim Bureau held a tax upset sale at which the upset price was not bid and the Tax Claim Bureau then held a judicial sale at which Mr. Walsh purchased the property on behalf of Poe Real Estate. He presented a check to the Tax Claim Bureau but the Tax Claim Bureau failed to deliver a deed to Poe Real Estate. When the deed was not forthcoming, Poe Real Estate requested the return of its money, to which the Tax Claim Bureau agreed and, thereafter, Mr. Tahos filed suit requesting that the Tax Claim Bureau issue its

deed to Poe Real Estate and that Poe be substituted as the defendant in the nuisance proceedings.

On September 15, 1983, the trial court ordered enforcement of the judicial sale by directing the Tax Claim Bureau to immediately issue to Poe Real Estate a deed to the property in question, entering judgment for the Tax Claim Bureau against Poe Real Estate in the sum of $247.36 and declaring Poe Real Estate bound by all lawful judgments or decrees issued by the trial court as a result of the litigation. Thereafter, on October 17, 1983, the trial court ordered the owner of the real estate, Poe Real Estate, to either sell or raze the building located on the premises within thirty days. On February 15, 1984, the trial court found Poe Real Estate and Mr. Walsh in contempt and ordered a hearing to determine the willfulness of their contempt.

This Court's jurisdiction is limited by statute to appeals from final orders of the court of common pleas. 42 Pa. C. S. §762. We believe that the February 15, 1984, trial court order was not intended to be a final order and thus the question of whether Poe Real Estate and Mr. Walsh are guilty of contempt is not yet appealable.[1] *Elemar, Inc. Liquor License Case,* 44 Pa. Commonwealth Ct. 515, 404 A.2d 734 (1979). Indeed, the general rule is that there can be no appeal from an interlocutory order in a contempt case. *Commonwealth v. Guardiani,* 226 Pa. Superior Ct. 435, 310 A.2d 422 (1973). We, therefore, must quash as interloctory this appeal from the February 15, 1984 trial court order.

---

[1] Several steps are necessary to hold one in civil contempt including a rule to show cause, answer and hearing, rule absolute, hearing on the contempt citation and adjudication of contempt. *Commonwealth ex rel. Magaziner v. Magaziner,* 434 Pa. 1, 253 A.2d 263 (1969).

### ORDER

Now, September 11, 1985, the appeal of Poe Real Estate, Inc. and its president, Richard Walsh, is quashed.